**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

**CIVIL ACTION NO. 09-56-DLB**

**RONNIE A. REYNOLDS**                                                              **PLAINTIFF**

**vs.**                              **MEMORANDUM ORDER**

**FAMILY DOLLAR SERVICES, INC.**                              **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

On February 10, 2011, the Court conducted a Telephonic Oral Argument wherein the Court considered Defendant's four (4) pending limine motions. The motions seek to exclude: (1) documents submitted and issued by the EEOC (Doc. # 61); (2) testimony of Adrian Perez (Doc. # 62); (3) documents related to Plaintiff's claim for unemployment benefits (Doc. # 63); and (4) evidence relating to an anonymous e-mail (Doc. # 64). Plaintiff was represented by Christopher Miller; Defendant was represented by Thomas Metzger. The proceedings were recorded by Official Court Reporter Lisa Wiesman. During the hearing, Plaintiff's counsel conceded to the inadmissibility of three (3) items[1] which will not be addressed herein. For the reasons that follow, Defendant's motions in limine (Docs. # 61-64) are **deferred in part** and **granted in part** as set forth herein.

---

[1] These items include: (1) Plaintiff's Exhibit No. 18, the EEOC's probable cause finding and all references to the same, including any testimony from EEOC investigator Toni Ahl; (2) Plaintiff's Exhibit No. 36 (in part), the Kentucky Division of Unemployment Insurance's two page Notice of Determination; and (3) the testimony of Adrian Perez re: "Vote for Pedro" issue.

1

**I.     Analysis**

As a general rule "[o]rders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). A court is generally better suited during trial to assess the value and utility of evidence. *Black v. Columbus Pub. Schs.*, No. 2:96-CV-326, 2007 WL 2713873, at *2 (S.D.Ohio Sept.17, 2007). The moving party has the burden of showing that the evidence in question is clearly inadmissible, and if the party fails to meet this burden, then evidentiary rulings should be deferred so that the issues may be resolved in the context of the trial. *Id.*

A.     Plaintiff's Exhibit No. 10 - Defendant's position statement re: EEOC claim and Defendant's correspondence with EEOC re: information requests.

Defendant seeks an Order excluding its EEOC position statement pursuant to FRE 401 and 403. More specifically, Defendant argues that the position statement was written by its in-house counsel in response to an information request from the EEOC. Defendant further submits that it was not signed or sworn by anyone with personal knowledge of the events which form the basis of Plaintiff's lawsuit. Rather, it was counsel's interpretation of the claim. Defendant further contends that the position statement was prepared prior to the lawsuit and any discovery, and contains hearsay statements. For these reasons, Defendant seeks exclusion of the position statement and related correspondence.

For his response, Plaintiff seemingly ignores Defendant's relevancy argument and argues that this evidence "could very well contradict sworn testimony" at trial. (Doc. # 70 at 2). Although the latter statement *may* be true, that determination, and the potential admissibility of that evidence, will have to wait until trial.

At first blush, the Court notes that because the author of the position statement and correspondence is Defendant's in-house counsel Ed Singletary, who will not be called as a witness at trial, the likelihood that the information in the position statement or correspondence could be used to impeach Mr. Singletary's trial testimony is virtually non-existent. Moreover, to the extent Plaintiff may seek to use the information in Exhibit 10 to impeach other witnesses affiliated with Defendant, that request will likely be denied. It would be highly unusual to impeach a witness with the statement of another witness, especially in a situation like this one where that other witness is an attorney who is required by law to respond to the EEOC's investigation.

Upon considering the documents which make up Plaintiff's Exhibit 10, and after comparing those documents with the record evidence in this case, the Court is confident that Defendant's position statement echoes the decision makers' version of why Plaintiff was not promoted. If the trial testimony bears that out, the position statement and the attached correspondence will be excluded as the needless presentation of cumulative evidence pursuant to FRE 403. However, if the trial testimony is inconsistent with Defendant's position statement, then Plaintiff *may* seek to use the EEOC position statement for impeachment purposes. *See Gage v. Metro. Water Reclamation Dist.*, 365 F.Supp. 2d 919, 937 (N.D. Ill. 2005). In either event, the Court cannot make that determination prior to trial. Accordingly, the admissibility of Plaintiff's Exhibit 10 for potential impeachment purposes, and Defendant's limine motion seeking pretrial exclusion (Doc. # 61) is **deferred until trial**. If Plaintiff's counsel insists on seeking to use any of the information in Plaintiff's Exhibit 10 at trial, he is cautioned to do so only after approaching the bench outside the

hearing of the jury.

  B. <u>Testimony of Adrian Perez re: his belief that Plaintiff was not promoted because he "got a raw deal" and his statement that Plaintiff was "set up" for termination</u>.

  In its motion, Defendant seeks to preclude fact witness Adrian Perez from testifying to two distinct statements he relayed to Plaintiff at an informal meeting convened at a restaurant after Plaintiff's termination. Perez is a department manager at Defendant's Morehead, Kentucky distribution center and is familiar with Plaintiff's former work assignments while employed with Family Dollar. During his deposition, Plaintiff's counsel repeatedly asked him if he believed that Plaintiff had been set up for termination. Although not recalling his exact words, he did testify that he met with Plaintiff at some point after Plaintiff's employment was terminated and commented that Plaintiff had been "set up."

  Defendant argues that because Perez neither participated in the decision to fire Plaintiff nor was he involved in the investigation of the events leading to the termination of Plaintiff's employment, his subjective belief that he was "set up" or "got a raw deal" is inadmissible. Because Perez played no role in Defendant's promotion or termination decisions he was not speaking as Defendant's agent when he made these comments. Therefore, Defendant argues they are not admissions pursuant to FRE 801. Defendant further argues Perez' statements are improper lay opinion testimony inadmissible under FRE 701.

  For his response, Plaintiff asserts that Perez can testify to his firsthand knowledge of the adverse actions taken against Plaintiff by Defendant. As a department manager at the same location where Plaintiff was formerly employed, he was aware of Plaintiff's situation and is familiar with the Defendant's policies and procedures, including the Argent

4

Reports.

Although Perez can certainly testify to much of the information set forth in his deposition, including but not limited to Defendant's past practices with others who may have falsified Argent reports, it is simply improper for Plaintiff to offer a witness such as Perez to testify to his general opinion–based purely on subjective and speculative impressions–concerning Defendant's motivation for not promoting and subsequently terminating Plaintiff.  As conceded by Plaintiff's counsel during oral argument, Mr. Perez repeatedly acknowledged during his deposition that he played no role in Defendant's promotion or termination decisions and is therefore without personal knowledge as to why such decisions were made.

The subjective beliefs of a co-worker who had no meaningful role in the decision-making process or any decision-making authority are irrelevant in this context.  *See Barner v. Pilkington N. Am., Inc.*, 399 F.3d 745, 750 (6th Cir. 2005); *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 354 (6th Cir. 1998); *Giles v. Norman Noble, Inc.*, 88 F. App'x 890, 895 (6th Cir. 2004); *see also Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 433 (6th Cir. 2002) (comments made by individuals not involved in the decision-making process cannot constitute direct evidence of discrimination).  Someone's "personal beliefs, conjecture and speculation are insufficient to support an inference of age discrimination." *Chappell v. GTE Prods. Corp.*, 803 F.2d 261, 268 (6th Cir. 1986).  Here, Perez testified to his personal belief that Plaintiff may have been set up, but acknowledged that he had no basis in fact to support his contention.  (Doc. #46 at 45) ("I could have said something like it seemed like [Plaintiff was] set up, not that he was, because I have no fact to that. But perhaps it seemed like it.").  Whether Perez personally believes that Plaintiff "got a raw

deal" when Defendant's failed to promote him, or was "set up" for termination through the assignment of tasks Defendant knew he could not perform, is irrelevant and inadmissible. Perez played no meaningful role in these decisions, and therefore, possesses no personal knowledge or perception as to the underlying motivations for Defendant's promotion and termination decisions.

Although Perez will be permitted to provide relevant testimony consistent with his deposition, he will not be permitted to testify regarding any personal beliefs he may hold that Plaintiff "got a raw deal" or was "set up." Perez's statements are wholly speculative as evidenced by his own deposition testimony and constitute improper lay opinion testimony under Rule 701. Moreover, they do not constitute an admission under Rule 801(d) because Perez was not acting as Defendant's agent when the statements were made. For these reasons, Defendant's motion in limine seeking to exclude that testimony (Doc. # 62) is **granted**.

      C.      <u>Plaintiff's Exhibit No. 36 - Defendant's statement to Kentucky Division of Unemployment Insurance</u>.

In its motion (Doc. # 63), Defendant argues that its one sentence statement on Plaintiff's Exhibit 36 that the "[e]mployer does not want to contest" Plaintiff's request for unemployment compensation is not admissible. More specifically, Defendant argues that its statement relative to Plaintiff's claim for unemployment benefits has no probative value in this case and therefore should be excluded pursuant to FRE 401 and 403.

In his response, Plaintiff takes the same approach he did regarding the EEOC Position Statement, arguing that it "could very well contradict sworn testimony at trial." (Doc. # 70 at 2). The Court disagrees.

First and foremost, evidence that Defendant did not contest Plaintiff's claim for unemployment insurance will not come up at trial. Therefore Exhibit 36 has *zero* chance of contradicting sworn testimony at trial. As aptly noted by Defendant, the issues before the Division of Unemployment Insurance are very different than those before this Court. The decision of an employer to contest or concede termination benefits does not conclusively establish the underlying motivation for termination in the first instance. "An unemployment compensation hearing is designed to adjudicate promptly a narrow issue of law, and to grant a limited remedy to an unemployed worker . . . It is not designed to bind the parties in a subsequent action." *Jones v. Metal Mgmt. Nashville, LLC*, 2009 WL 197427, at *5 (W.D. Ky. Jan. 26, 2009) (internal quotations and citations omitted). Not only is page one of Exhibit 36 irrelevant in this case, it is also properly excluded under FRE 403 as it would be unduly prejudicial to Defendant if admitted at trial because allowing its admission would permit an improper inference, which the Court will not allow.

Accordingly, Defendant's motion in limine to exclude Plaintiff's Exhibit 36 and any documents related to Plaintiff's claim for unemployment benefits (Doc. # 63) is **granted**.

D. <u>Plaintiff's Exhibit No. 24 - Anonymous e-mail sent to Billy Jones</u>.

Plaintiff's exhibit 24 is an anonymous e-mail dated August 30, 2009 wherein the unknown author purports to complain on behalf of unidentified Family Dollar employees that their down-time is allegedly being adjusted without their knowledge. In its motion, Defendant cites to several rules of evidence which it argues require that the e-mail be excluded. More specifically, Defendant argues that the e-mail is irrelevant (FRE 401), unduly prejudicial (FRE 403), lacks proper authentication (FRE 901(a)), is inadmissible hearsay (FRE 801), and lacks any proof that the unknown author has personal knowledge

of the matters described therein (FRE 602).

For his response, Plaintiff maintains that e-mail is admissible because it relates to the same type of conduct for which Plaintiff's employment was terminated. Plaintiff also argues that the e-mail is not hearsay because it will not be offered for the truth of the matter asserted, i.e. that down-time was actually being adjusted, but rather, to demonstrate that Defendant had knowledge of this practice and did not investigate it or fire other individuals who engaged in the same practice.

Despite Plaintiff's argument to the contrary, the anonymous e-mail lacks sufficient indicia of trustworthiness to allow its admission at trial. The Court is not persuaded by Plaintiff's argument that it is not hearsay. The e-mail has multiple hearsay statements and will be excluded on that basis. *See Goldschmidt v. Coco*, 493 F. Supp. 2d 1055, 1061 n.3 (N.D. Ill. 2007) (On the basis of hearsay and irrelevance, the court deemed inadmissible a letter by an anonymous, courthouse employee that contained statements of colleagues tending to prove the plaintiff's Fourth Amendment claim); *Gentieu v. Tony Stone Images/Chi., Inc.*, 255 F. Supp. 2d 838, 869 n.35 (N.D. Ill. 2003) (anonymous e-mails from an internet message board excluded as inadmissible hearsay). Even taking Plaintiff's counsel's word that the e-mail would be offered for a non-hearsay purpose, there is no guarantee that the unknown author has personal knowledge of the details mentioned in the e-mail. *Wilson v. Ala. Dep't of Human Res.*, No. 07cv560, 2010 WL 1254319, at *6 n.7 (M.D. Ala. March 26, 2010) (court excluded letter sent from an anonymous employee on hearsay and authentication grounds. Because the author did not sign her name the court concluded "it [was] impossible to judge the authenticity of the statements" contained therein); *see also Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 223 F.R.D. 566, 584-85

8

n.25 (D. Kan. 2004) (Plaintiff's sales practices were investigated as a result of an anonymous e-mail by one of its own financial advisors. The court excluded the letter because the defendants had not "authenticated the letter" nor had they shown if and when it was received.).

The Court will also exclude the e-mail for several other reasons. First, the timing of the e-mail makes its authentication somewhat suspicious. Second, the fact that the last paragraph of the e-mail is an exact duplication of the same two sentences leads the Court to conclude that it may not be authentic. Finally, Plaintiff will suffer no prejudice by exclusion of the e-mail. In his deposition, Mark Hamrick was questioned about a complaint made to Family Dollar about down-time being adjusted around the same time Plaintiff was terminated.

Although the Court will permit Plaintiff to ask Hamrick about the existence of a complaint against the company in general terms and what action Family Dollar took in response to the complaint, Plaintiff will *not* be able to read from the anonymous e-mail like counsel did at his deposition nor may he make any reference to the e-mail generally. (Doc. # 38 at 154-60).

For all of these reasons, and because the e-mail lacks trustworthiness, Defendant's motion in limine to exclude it (Doc. # 64) is **granted**.

**II.     Conclusion**

Accordingly, **IT IS ORDERED** as follows:

1. Defendant's motion in limine to exclude Plaintiff's Exhibit 10, Defendant's position statement re: EEOC claim and Defendant's correspondence with EEOC re: information

requests (Doc. # 61) be, and is hereby **deferred until trial**; and

    2. Defendant's motions in limine to limit the testimony of Adrian Perez (Doc. # 62), exclude Plaintiff's Exhibit 36 and any documents related to Plaintiff's claim for unemployment benefits (Doc. # 63), and exclude Plaintiff's Exhibit 24, the anonymous e-mail sent to Billy Jones and any references thereto (Doc. # 64) be, and are hereby **granted**.

    This 10th day of February, 2011.



Signed By:
*David L. Bunning*  DB
United States District Judge

| TIC | | 35 |
|---|---|---|

G:\DATA\ORDERS\Ashland Civil\2009\09-56 Memorandum Order re Defendant's MILs.wpd